B. R. Yergler and Emil M. Kramer, Appellees, v. Samuel A. Kaufmann and J. W. Kaufmann (J. W. Kaufmann, Appellant).

B. R. Yergler and Emil M. Kramer, Appellees, v. Samuel A. Kaufmann and J. W. Kaufmann, Appellants.

1. PARTNERSHIP—*when interest in firm is not lost.* Partners who buy a note which another partner owes to the firm for his interest in the partnership will not thereby take the place of the partner whose note they have paid.

2. PARTNERSHIP—*when partner is necessary party to bill to dissolve firm.* Where partners buy a note which another partner owes to the firm for his interest in the partnership, and file a bill to dissolve the partnership, the maker of the note is a necessary party.

3. PARTNERSHIP—*when donor of land is not necessary party to bill to dissolve firm.* Where a merchants' association conditionally agrees to give a partnership certain real estate upon which to

operate its factory, on a bill by a partner to dissolve the firm the merchants' association is neither a proper nor necessary party.

4. PARTNERSHIP—*when remedy to obtain firm money appropriated is at law.* Where a person in appropriating money of a partnership acts as an attorney in fact of a partner, on a bill by a partner to dissolve the firm such agent cannot be compelled to account for the money, since the remedy is at law.

5. COSTS—*when successful appellant must pay.* Where a decree is reversed and the appellants have made needless costs by perfecting two appeals, they will be charged in the last appeal with a proportion of the costs equal to the costs of the record in the first appeal, and also the clerk's costs in the second appeal.

Appeal from the Circuit Court of Ford county; the HON. T. M. HARRIS, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed November 12, 1912.

Statement by the Court. Emil M. Kramer and B. R. Yergler filed a bill in chancery to the August term, 1911, of the Circuit Court of Ford county against Samuel A. Kaufmann and J. W. Kaufmann praying for the dissolution of a partnership alleged to exist between the complainants and Samuel A. Kaufmann and for the appointment of a receiver of the partnership property. The bill alleges that in August, 1907, Samuel A. Kaufmann of Green Hill, West Virginia, and Emil M. Kramer and J. E. Kramer, then of Paxton, Illinois, and B. R. Yergler of Gridley, Illinois, entered into a copartnership for the purpose of carrying on a general manufacturing business at Paxton, Illinois, the principal part of which was the manufacture and sale of rotary harrow attachments for use on sulky and gang plows, under the name of "The E. M. Kramer Company;" that the interests of the partners were Samuel A. Kaufmann a one-third, Emil M. Kramer a one-third, J. E. Kramer a one-sixth and B. R. Yergler a one-sixth; that J. E. Kramer paid into the partnership for his interest the sum of $4,000; that B. R. Yergler paid into the partnership for his interest $5,000; that the business and patent rights owned by Emil M. Kramer were received by the partnership in full payment of his interest in said part-

nership and that Samuel A. Kaufmann has only paid into the partnership for his interest the sum of $372.40. The bill further alleges that while Samuel A. Kaufmann's name was used in the formation of said partnership yet the real party in interest was J. W. Kaufmann and not Samuel A. Kaufmann; that Samuel A. Kaufmann is only the nominal partner and owner of said interest, the same being held in his name for J. W. Kaufmann at the request of J. W. Kauffmann, and that neither the said Samuel A. Kaufmann nor J. W. Kaufmann have made any payment on the interest nominally held by the said Samuel A. Kaufmann except said sum of $372.40; that the agreement provides that Joseph E. Kramer and B. R. Yergler should have charge of the receiving and shipping of the material and products of the company, the employment of labor, the purchase of all material and the general accounting and bookkeeping of the company, but J. W. Kaufmann, acting as agent and attorney in fact of Samuel A. Kaufmann, took to himself the matter of general accounting and bookkeeping and has had charge of the bookkeeping and excluded Joseph E. Kramer and B. R. Yergler from the same; that J. W. Kaufmann has failed to keep proper books of account to show the condition of the firm, and that complainants to get such information as to the business of the firm have been obliged to employ experts to examine the books; that the examination by the experts shows that J. W. Kaufmann has collected and failed to account for at least $723, and that he has shipped one hundred and twenty-one harrows and failed to account or report to the firm for them or the proceeds; that by the terms of the partnership agreement it is provided that on all important matters the partners shall consult each other, but J. W. Kaufmann has without the knowledge or consent of the other members of the firm borrowed large sums of money and incurred large indebtedness and said firm is now indebted in the sum of $27,000 which is now due; that

in the said agreement it is provided that the company's indebtedness shall at no time exceed two-thirds of the products sold without the mutual consent of the parties, and the present indebtedness by reason of the acts of J. W. Kaufmann largely exceeds two-thirds of the products sold by the firm; that complainants from time to time inquired of J. W. Kaufmann concerning the condition of the business of the firm and that J. W. Kaufmann at such times misrepresented to complainants the condition of the business; that on one occasion he stated to complainants that the firm had $5,000 in the bank, but on examination it was found the bank account was overdrawn and the firm was at that time indebted to the bank on notes amounting to $10,000; that the said agreement provides that no partner shall pledge the credit of the partnership except in the discharge of his duty in the department he has charge of, and when he does so he shall report his actions to the bookkeeper for proper entry and shall advise his copartners of the same, but that said J. W. Kaufmann in violation of said agreement on many occasions made large partnership debts of which he did not advise his copartners; that it is provided in the said agreement that at the expiration of one year from the date thereof that said business should be incorporated, and complainants state that although the said J. W. Kaufmann as agent and attorney for Samuel A. Kaufmann has been requested by complainants many times to incorporate said business yet he has failed so to do or to consent to forming said corporation; that B. R. Yergler is the only member of the firm who has any means or property outside of their interest in the business, and in case the partnership should become insolvent he is the one who would have to bear the burden of the debts, and that he only entered said partnership on the condition that said partnership should be incorporated and his liability limited to the amount invested in the corporation.

The bill alleges that Joseph E. Kramer continued a member of the partnership for two years and that the interest of said Joseph E. Kramer is now owned by complainants.

It is further alleged that there is litigation pending in court between the partners on account of the books of the firm; that there have been numerous quarrels between complainants and J. W. Kaufmann and there is an intense feeling of bitterness between the partners, and on that account the business cannot be carried on at a profit or to the advantage of the parties; that the nominal assets amount to $40,000 but if the creditors close in on the company, as they now threaten to do, the assets would be sacrificed and complainants would lose all they have in said company and complainant Yergler would be required to pay the deficiency out of his own property; that the patents owned by the company are valuable and the business of the company profitable if properly managed, but on account of the incompetency of J. W. Kaufmann it has not been profitable.

A copy of the partnership agreement and of an agreement between Samuel A. Kaufmann and Emil M. Kramer made simultaneously with the partnership agreement are attached to and made a part of the bill. A receiver was appointed when the bill was filed.

The defendants filed separate answers admitting the making of the partnership agreement as alleged but denying substantially all the other material allegations of the bill. The answers state that the troubles and quarrels between the complainants and J. W. Kaufmann are because of misconduct on the part of the complainants. The answer of Samuel Kaufmann states that J. W. Kaufmann has done nothing except what was to promote the welfare of the copartnership.

The answers state that J. E. Kramer with the consent of the copartners sold his interest to one A. C. Ruby, who gave his note for said Kramer's interest and that no agreement was made between the copart-

ners to allow any other person than A. C. Ruby to become a partner in the place of Ruby, and if B. R. Yergler has assumed and paid for the note given by Ruby, that does not constitute him an owner of Ruby's interest. The answers admit that J. E. Kramer paid $4,000 for his interest and that Yergler paid $5,000 for his interest, but deny that the business and patents of Emil M. Kramer were received in full of his interest; assert that prior to the formation of the partnership sought to be dissolved Emil M. Kramer and defendant Samuel A. Kaufmann had been engaged in the manufacture of the same rotary harrow, in which business J. W. Kaufmann had represented Samuel Kaufmann; that J. W. Kaufmann had acquired an interest in the said patents, and that Samuel Kaufmann had acquired the interest of J. W. Kaufmann, which J. W. Kaufmann had under a contract with Emil M. Kramer made on April 16, 1906; that in the first partnership J. E. Kramer was given a conditional interest by a contract dated March 20, 1907, and insist that the provision in the partnership contract regarding the payment of certain profits of the share of Samuel A. Kaufmann to Emil M. Kramer is not a matter to be adjudicated in this suit.

The cause was referred to a special master in chancery to take the evidence and report the same with his conclusions. Upon the hearing, on exceptions to the report the court entered a decree finding among other things:

(2) That Emil M. Kramer, B. R. Yergler, Samuel A. Kaufmann and J. E. Kramer entered into the articles of partnership dated August 1, 1907.

(5) That J. E. Kramer had a one-sixth interest for which he paid $4,000; B. R. Yergler a one-sixth for which he paid $5,000; Emil M. Kramer a one-third in payment for which he turned over certain patents and his interest in a manufacturing business, and Samuel A. Kaufmann had a one-third interest given to him by an agreement between J. W. Kaufmann and said Sam-

uel A. Kaufmann for part compensation for time expended by J. W. Kaufmann from April, 1906, to August, 1907, and certain moneys expended in the business before that time, the value of such interest being $2,700, and that Samuel A. Kaufmann was to pay Emil M. Kramer one-half the difference between $2,700 and the $10,000 interest S. A. Kaufmann was to have in said copartnership, and the other half was to be paid into the firm.

(6) That J. E. Kramer was paid $5,000 by the partnership for his interest and by agreement of the partners that interest was sold to one A. C. Ruby who gave notes for said interest, that Ruby never paid said notes but that complainants without the consent of defendants took up the Ruby notes and paid therefor $5,600.

(7) That the copartnership agreement is in typewriting with the interlineation with a pen at the end of the fourth paragraph, that ''It is mutually agreed at the expiration of one year from date to incorporate the business.''

(8) That complainants at the expiration of one year from the date of the contract, and many times thereafter, had requested said defendants to incorporate said business but said defendants refused to incorporate it.

(9) That B. R. Yergler is worth $65,000 and is the only member of the firm having anything outside of what interest they may have in the business.

(12) That J. W. Kaufmann has withdrawn from the assets of the firm $315.49.

(15) That J. W. Kaufmann made numerous misstatements to the complainants as to the amount of the profits.

(16) That J. W. Kaufmann was acting in said partnership matters under a general power of attorney from Samuel A. Kaufmann with the same powers and rights that S. A. Kaufmann had and the acts of J. W. Kaufmann are the acts of Samuel A. Kaufmann.

(17)   That extremely bitter relations exist between Emil M. Kramer and B. R. Yergler on the one part and J. W. Kaufmann on the other; that these relations have been brought about by numerous causes.

(18)   That the heaviest creditors before the filing of the bill in this cause were demanding their money.

(19)   That the copartnership cannot be further carried on without some one putting more money into the business.

(20)   That the relations between the parties are such that the business cannot be further carried on successfully.

The decree orders that the partnership be dissolved; that the assets be sold by the special master; that J. W. Kaufmann within thirty days pay to the special master the sum of $315.49 which he withdrew from said firm; that the special master from the proceeds pay, first the costs, second the debts of the partnership if there be sufficient so to do and if not that the proceeds be pro-rated amongst the creditors; that if any proceeds be left after the payment of the debts that the balance be distributed amongst the partners in proportion to the amounts paid into said firm; that there has been paid in by S. A. Kaufmann $2,700, by Emil Kramer $12,500, and by B. R. Yergler $7,500; that in case the amount going to S. A. Kaufmann shall exceed $2,700, the surplus going to him shall be distributed one-half to Emil Kramer and the other half to the said partners in the proportion of four-twelfths to S. A. Kaufmann, five-twelfths to Emil M. Kramer and the three-twelfths to B. R. Yergler; if there be not sufficient to pay the debts then the said parties jointly and severally shall pay to the special master within thirty days sufficient to pay said deficiency, the proportion each partner shall pay towards said deficiency shall be Samuel A. Kaufmann four-twelfths, Emil M. Kramer five-twelfths and B. R. Yergler three-twelfths; that all claims and proof of same be turned over by the receiver to the special master, and if any of the claims

are objected to by any partner or creditor then the special master take the proof concerning the same and report the proof to the court before anything be paid on any claims and that the receiver remain in custody of the property until the same is sold.

The defendants severally and jointly prayed an appeal to this court. J. W. Kaufmann has perfected one appeal and the two defendants have also perfected a second appeal.

C. E. BEACH and CLOUD & THOMPSON, for appellants.

WELTY, STERLING & WHITMORE and KERR & LINDLEY, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

J. W. Kaufmann filed a bond for an appeal on February 15, 1912. On the same day both the defendants filed a joint and several bond for an appeal. J. W. Kaufmann on March 25th gave a notice with a copy of the praecipe for a record to counsel for appellees, that on March 30th, they would file such praecipe for a record in his appeal. The praecipe was filed that day. This praecipe calls for the process, pleadings, decree, orders of court and certain portions of the evidence and certain exhibits selected here and there from the report of evidence made by the master. The defendant on April 3, 1912, perfected his several appeal by filing in this court a transcript of the record, called for by the praecipe, which contains seven hundred pages. On the same day J. W. Kaufmann and Samuel A. Kaufmann perfected their joint appeal by filing a transcript of the record, consisting of over 3,000 pages, which contains all that is in the transcript filed on the appeal of J. W. Kaufmann with the full report made by the master, and also depositions taken in the case and attached exhibits which

were not reported by the master. No praecipe appears to have been filed for the record in the joint appeal. J. W. Kaufmann assigns errors on the record filed by him and also jointly with Samuel A. Kaufmann assigns errors on the record in the joint appeal. The two appeals were consolidated in this court.

It is assigned for error that the cause should not have proceeded to final hearing without A. C. Ruby having first been made a party to the cause. The proof shows that by agreement of all the copartners the interest of J. E. Kramer was bought by the remaining copartners, and that by agreement of all the remaining copartners the interest that J. E. Kramer had had in the partnership was sold to A. C. Ruby. Ruby gave two notes to the partnership for that interest. These notes were transferred by the partnership to a bank, and the note first maturing not being paid when due, Emil Kramer and B. R. Yergler, who had indorsed it, paid both notes by giving their individual note, and now claim that such act was a purchase of the interest of Ruby. The evidence does not show that either Samuel A. Kaufmann or J. W. Kaufmann his attorney in fact had any notice that Kramer and Yergler had taken up the notes of Ruby. Before Ruby could relieve himself from any liability as a copartner and change the liability of Samuel A. Kaufmann, said Kaufmann must have consented or agreed to such a change. Partners who buy a note, that another partner owes to the firm, will not thereby take the place of the partner whose note they have paid. While in equity they may be entitled to be repaid from his interest, such purchase will neither deprive him of any surplus he may have in the partnership assets nor relieve him from any liabilities incurred after he becomes a partner.

The court found that B. R. Yergler is the only member of the firm who has anything outside of his interest in the business, and that if there was a deficiency of assets that deficiency should be made up in

certain proportions by the partners. If Ruby was either a partner and liable for any of the deficiency, or merely the owner of a partnership interest, then it is manifest there is error in the decree and it was error to proceed to a decree without making him a party.

It is also assigned for error that the trustees of the Merchants' Association of Paxton were necessary parties to the suit. The Merchants' Association had conditionally agreed to give the partnership certain real estate upon which to operate its factory; the title to this property was to be conveyed to the partnership when it had paid wages amounting to $60,000 exclusive of wages paid to office help and salesmen. While on a dissolution of the partnership the rights of the partnership and the citizens' association will ultimately have to be settled, yet, they cannot be adjudicated in a suit to dissolve the partnership. The issues in such a matter are not germane to the dissolution of the partnership and the trustees of the Merchants' Association of Paxton were neither proper nor necessary parties so far as shown by the record in this case.

It is also assigned for error that the court erred in finding that J. W. Kaufmann had withdrawn $315.49 from the assets of the firm and in directing him to pay said sum to the special master within thirty days. The court did not find that J. W. Kaufmann was a partner. He was the attorney in fact of Samuel A. Kaufmann. Samuel A. Kaufmann, the partner, may be liable to be charged in this suit for the dissolution of the partnership, with the sum withdrawn by his attorney in fact, but the accounting between the partnership and J. W. Kaufmann, if he is to be charged simply as an employee or debtor of the partnership, cannot be tried in the suit for the dissolution of the partnership. If he is required to personally account for moneys appropriated by him, that would properly be tried in a suit at law. If his acts in appropriating the money were the acts of his principal, Samuel A.

Kaufmann, then the court would have the right in settling the rights of the partners to charge Samuel A. Kaufmann, the partner, with the acts of his agent and should also give Samuel A. Kaufmann credit for any moneys advanced by his agent for him. The court erred in rendering a judgment for $315.49 against J. W. Kaufmann, who was not found to be a partner.

The appellants having made needless costs by perfecting two appeals they will be charged in the last appeal with a proportion of the costs equal to the cost of the record in the first appeal, which is the smaller record, and the clerk's costs in the second appeal.

*Reversed and remanded.*